UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kareem Douglas,<br><br>                             Plaintiff,<br><br>              -v-<br><br>Rossana Rosado, *et al.*,<br><br>                            Defendants. | 2:25-cv-6529<br>(NJC) (LGD) |

## **MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

      Before the Court is an application to proceed in forma pauperis ("IFP") filed by pro se Plaintiff Kareem Douglas, with a Complaint and a motion seeking entry of a temporary restraining order and preliminary injunction. (*See* Compl., ECF No. 1; IFP App., ECF No. 2; Inj. Rel. Mot., ECF No. 3.) For the reasons that follow, the application to proceed IFP is denied without prejudice and with leave to renew upon filing the enclosed AO 239 Long Form IFP application ("Long Form"). Alternatively, Douglas may pay the $405.00 filing fee **within fourteen (14) days** in order for this case to proceed.

      To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the

statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying IFP motion where the plaintiff did not disclose the balance in her checking account). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

      Here, Douglas's application does not provide sufficient information for the Court to reasonably conclude that Douglas is unable to afford the filing fee. Douglas has responded with "N/A", "NONE" or "0" in response to almost every question on the application. (IFP App.) Douglas has included a residential address and telephone number in his Complaint (*see* Compl. at 3), but does not identify any expenses associated with that residence or any other regular living expenses for items such as food, transportation, or other utilities. (IFP App.) Further, given that Douglas reports that he is unemployed and has not received any income from any source in the past twelve months, the IFP application provides no explanation as to how he supports himself. (*Id*. ¶¶ 2–4.) Thus, Douglas's application raises more questions than it answers and does not demonstrate that Douglas is qualified to proceed IFP.

      Accordingly, the IFP motion is denied without prejudice and with leave to renew on the enclosed Long Form IFP application. Given that Douglas's wife has submitted a letter, dated

November 19, 2025 (*see* Compl., Ex. I at 63), he shall include her financial information in the spaces marked "spouse" on the renewed application. *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get . . . such as from a spouse, parent, adult sibling or other next friend.") (quotation marks and citation omitted). Alternatively, Douglas may pay the $405.00 filing fee.[1] Douglas shall either file the renewed IFP application or remit the filing fee within fourteen (14) days of the date of this Order or the Complaint will be dismissed without prejudice. The motion for a temporary restraining order and preliminary injunction is denied without prejudice and with leave to renew upon resolution of the filing fee.

      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[1] Once the filing fee is paid, there are no refunds regardless of the outcome of the case. *Celestin v. U.S. Dep't State Bureau of Consular Affs.*, No. 20-cv-947, 2020 WL 6901081, at *2 (E.D.N.Y. Nov. 23, 2020) ("[T]he law does not permit a judge to refund a filing fee. Once the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action"). Accordingly, Douglas is encouraged to consult an attorney or to avail himself of the free legal resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School at the Central Islip Courthouse. Douglas may schedule an appointment there by calling (631) 297-2575 or by e-mailing PSLAP@Hofstra.edu. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court.

The Clerk of the Court shall mail a copy of this Order to Douglas at his address of record and shall note such mailing on the docket.

Dated:   Central Islip, New York
         December 4, 2025

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge
